UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SABINA MUHAMMED, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-10-2382 |
| | § | |
| UNIVERSITY OF HOUSTON, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

**I.      INTRODUCTION**

Pending before the Court is the defendant, the University of Houston's ("University") motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rule of Civil Procedure (Document No. 12). The plaintiff, Sabina Muhammed, has filed a response in opposition to the University's motion (Document No. 25). After having carefully considered the pleadings, the motion, the statements of the plaintiff and the counsel for the University and the applicable law, the Court determines that the University's motion to dismiss should be granted. Nevertheless, the Court will grant the plaintiff an opportunity to file an amended petition pursuant to Rules 8 and 11 of the Federal Rules of Civil Procedure within thirty (30) days of this Memorandum Opinion and Order. In the absence of an appropriate amendment by the plaintiff, the University's motion to dismiss shall be granted.

## II.   FACTUAL BACKGROUND[1]

The plaintiff initiated this suit on July 10, 2010, while a graduate student at the University. She asserts that the University has handled her improperly and in violation of her civil rights under Title VI and the Family Educational Rights and Privacy Act of 1974 ("FERPA") in failing to protect her private records. Regarding her claim of bias and prejudice, the plaintiff refers to an investigation that concerned allegations that she, without authorization, accessed and viewed the student records of certain University students in the 2006-2007 timeframe. At the time, the plaintiff was enrolled as an undergraduate student. The plaintiff claims that the investigation concerning this matter was flawed and based on counterfeit document and false testimony.

As a result of the University's investigation, the plaintiff was criminally prosecuted and convicted of at least one criminal charge. The plaintiff relates that the conviction is on appeal at this time.[2] Subsequent to this criminal trial, on or about February 1, 2010, the plaintiff states that as a student her status as a student was reviewed by the Dean of Students and that she was suspended for one (1) year and placed on probationary status for two (2) years. The plaintiff's position appears to be that these matters were resolved in 2007 when a "hold" preventing her from registering for classes was lifted and, therefore, the issues should not be revisited.

## III.   THE UNIVERSITY'S CONTENTIONS

The University contends that, although not specifically alleged, the plaintiff's suit arises under Title VI of the Civil Rights Act of 1964; 42 U.S.C. § 200d et seq. Under Title VI, the

---

[1] The Court has examined the plaintiff's original complaint and her response to the University's motion to dismiss and fails to find a coherent set of facts concerning her case. The related facts were gleaned from the pleadings and the telephone conference colloquy conducted on October 4, 2010.

[2] The plaintiff does not deny the substance of the University's charge that she illegally accessed other student's records. Instead, she attacks the validity of the investigatory process.

University contends, a plaintiff is required to state the grounds for the relief sought, either race, color or national origin.  And, in doing so, a plaintiff must state the specific conduct that establishes intentional discrimination.  According to the University, the plaintiff's complaint does not allege facts that support an allegation of discriminatory intent; nor does the plaintiff assert discrimination based on race, color or national origin.  Therefore, the University seeks dismissal of the plaintiff's suit.

## IV. STANDARD OF REVIEW

A defendant may to move to dismiss a plaintiff's complaint for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). Under the requirements of a Rule 12(b)(6) motion, "[t]he plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996) (citing *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991)). Dismissal is appropriate only if, the "[f]actual allegations [are not] enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Moreover, in light of Federal Rule of Civil Procedure 8(a)(2), "[s]pecific facts are not necessary; the [allegations] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555). Even so, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly* at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

More recently, in *Ashcroft v. Iqbal*, the Supreme Court expounded upon the *Twombly* standard, reasoning that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly* at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949 (citing *Twombly* at 556). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'-- 'that the pleader is entitled to relief.'" *Ashcroft* at 1950 (quoting FED. R. CIV. P. 8(a)(2)). Nevertheless, when considering a 12(b)(6) motion to dismiss, a court's task is limited to deciding whether the plaintiff is entitled to offer evidence in support of his claims, not whether the plaintiff will eventually prevail. *See*, *Twombly* at 563 n.8 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (overruled on other grounds)); *see also, Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).

**V.     ANALYSIS AND DISCUSSION**

The Court determines that the University's motion to dismiss should be granted because the plaintiff has failed to sufficiently plead a cause of action for discrimination. Therefore, to avoid dismissal the plaintiff must amend her complaint within thirty (30) days of the entry of this Memorandum Opinion and Order. An examination of the plaintiff's complaint reveals that she has failed to state a claim against the University in any regard. At most, the plaintiff's vague complaint sets forth only speculative and conclusory allegations against the University without providing sufficient details for a court to determine whether the plaintiff has asserted a plausible cause of action. *See, Ashcroft* at 1949; *Twombly* at 555.

The Court finds that permitting the plaintiff the opportunity to amend is acceptable because it would not unduly contravene the above-listed factors. *See, Schiller*, 342 F.3d at 566. Thus, the plaintiff is ORDERED to amend her complaint within 30 days to more fully detail the factual and legal basis for her suit against the University.

SIGNED at Houston, Texas this 7th day of October, 2010.

_____
Kenneth M. Hoyt
United States District Judge